**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

754484

Name............................ **Smith, Lee**

Reg. No......................... **33556-007**
DCDC No. ..................... **281-037**
FBI No.......................... **385 108 HA6**
Birth Date ..................... **01/03/1967**
Race ............................. **Black**

Date........................................ **February 7, 2018**
Termination of Supervision ..... **November 17, 2019**
Violation Date......................... **July 31, 2017**
Released................................ **March 18, 2016**

Sentence Length .......... **44 Months Supervised Release Violator Term**
Original Offense........... **Assault with a Dangerous Weapon, Threatening to Injure a Person, Contempt, Bail Reform Act**

**The releasee was in custody on previous warrant dated 8/9/16 from 8/29/16 through 4/26/17**

## Probable Cause Hearing

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you will be given a probable cause hearing within five days of your arrest. Probable cause hearings, which are normally scheduled on Tuesdays and Fridays at the Central Detention Facility, are held to determine if there is probable cause to believe that you have violated a condition of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney. If you are unable to pay for such representation, an attorney will be appointed for you.

## Decisions After Revocation Hearing

After a revocation hearing, if you are found to have violated a condition of your release, the Commission may: (1) restore you to supervision, and, if appropriate, (a) issue a letter of reprimand; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center; or (2) revoke your parole, mandatory release, or supervised release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your supervised release, you will not receive credit toward service of your sentence for time spent on supervised release.

Revocation of parole or mandatory release may result in loss of credit for the time you spent on parole or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for more than one year, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for one year or less, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release, unless the Commission determines that forfeiture is not necessary to protect the public welfare.

CHARGES:

**Charge No. 1 - Violation of Special Condition (Drug Aftercare - SRTP).** The releasee was terminated from Safe Haven transitional housing program on 7-31-17 for walking away from treatment against staff advice. This charge is based on the information contained in the violation report dated 9-6-17 from supervising officer Kiberly Wade.

**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 2 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 8-3-17 as directed and has thereafter failed to make himself available for supervision. His whereabouts are unknown. This charge is based on the information contained in the violation report dated 8-9-17 from supervising officer Kimberly Wade.

**I ADMIT [ ] or DENY [ ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued....................**February 7, 2018**

**Jordana Cunningham, Program Coordinator**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **Behavioral Hlth-Men s Program-Team 85, 633 Indiana Avenue, N.W.**

**Smith, Lee**
**Reg. No. 33556-007 DCDC No. 281-037**

# WARRANT
# D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Smith, Lee, Reg. No. 33556-007, DCDC No. 281-037, was sentenced to a term of supervised release by the Superior Court of the District of Columbia or the United States District Court for the crime of Assault with a Dangerous Weapon, Threatening to Injure a Person, Contempt, Bail Reform Act and began serving that term of supervised release on March 18, 2016;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 7, 2018

U.S. Parole Commissioner

**Smith, Lee**
**Reg. No. 33556-007 DCDC No. 281-037**

**WARRANT For Return Of Prisoner Released To Supervision**

Name: **Smith, Lee**
Reg. No. 33556-007

Institution:
DCDC No. **281-037**

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

____________________ District of ____________________ ss:

Received this writ the ______ day of ____________, 20____, and executed same by arresting the within-named ____________________________
this __________ day of ____________________, 20____,
at ____________ and committing him to ________________________

________________________
*U.S. Marshal*

________________________
*Deputy Marshal*

Further executed same by committing him to ________________________
at ____________ on ____________________, 20____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

________________________
*U.S. Marshal*

________________________
*Deputy Marshal*

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 90 K Street, N.E., 3rd Floor, Washington, D.C. 20530.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated ____________________

____________________________________________
*Prisoner's Signature* *Date*

**Smith, Lee**
**Reg. No. 33556-007 DCDC No. 281-037**

# Memorandum

**Subject**
**Warrant Execution Instructions Regarding:**
**Smith, Lee**
**Reg. No. 33556-007**
**DCDC No. 281-037**

**Date**

**February 7, 2018**

**To**

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W., Room 2500
Washington, D.C. 20001
Warrants - Attn: William "Hank" Martin

**From**

Jordana Cunningham
Program Coordinator
U.S. Parole Commission

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named D.C. Code offender. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

**If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this prisoner, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed. If after executing the Commission's warrant, it is determined that another arrest warrant for the prisoner has been executed or was outstanding at the time the Commission's warrant was executed, the arresting officer may, within 72 hours of executing the Commission's warrant, release the prisoner to the other arrest warrant and place the Commission's warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave both Warrant and Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER**: Please keep the Commission advised of all further developments in this case.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency
Special Projects Unit
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001